**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4976**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTHONY LEE PHILLIPS,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:04-cr-00083-4)

_____

Submitted:  June 4, 2009     Decided:  June 30, 2009

_____

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Christian M. Capece, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Lee Phillips appeals the district court's order revoking his supervised release and sentencing him to twelve months of imprisonment to be followed by twenty-four months of supervised release. Phillips argues that his sentence is plainly unreasonable because it does not further the purposes of supervised release. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'").

Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439; see Finley,

2

531 F.3d at 294. Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2009), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Phillips does not challenge the procedural aspects of his sentence. Rather, he argues that the district court's sentence is plainly unreasonable because it fails to further the purposes of supervised release to assist his transition back into the community, and that the district court unreasonably focused on the twelve-month reduction he received under 18 U.S.C. § 3582(c) (2006) in determining the sentence on revocation. "In determining the reasonableness of a sentence, we 'give due deference to the district court's decision.'" Finley, 531 F.3d at 297 (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597). Our review of the record leads us to conclude that the sentence is not unreasonable.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3